# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>ALEX SORIA,<br><br>　　　Defendant. | 2:11-cr-00156-LDG-RJJ<br><br>**ORDER** |

The United States has charged defendant Alex Soria with wire fraud (Counts 1 to 6) in violation of 18 U.S.C. § 1343, mail fraud (Counts 7 to 9) in violation of 18 U.S.C. § 1341, concealment of information from the Social Security Administration (Count 10) in violation of 42 U.S.C. § 408(a)(4), and theft of government property (Count 11) in violation of 18 U.S.C. § 641. Soria has filed a motion to sever Counts 1 to 9 from Counts 10 and 11.

### Joinder of Counts

Under Fed. R. Crim. P. 8(a), joinder of offenses is appropriate where the offenses "are based on the same act or transaction" or "are connected with or constitute parts of a common scheme or plan." Rule 8(a) is construed "broadly to allow liberal joinder" because the Supreme Court "has long recognized that joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." United States v. Lane, 474 U.S. 438, 449 (1986) (internal quotations omitted). Here, joinder is

proper because the same acts or transactions give rise to criminal liability under Counts 1 to 9 as well as Counts 10 and 11: Soria's alleged interactions with the distressed homeowners supports the allegation that he was working and receiving income while collecting disability benefits.

## Good Cause for Failure to Timely File Argument

Rule 12 of the Federal Rules of Criminal Procedure vests trial courts the authority to set deadlines to file severance motions and provides that "a party waives any [severance] defense, objection, or request not raised by the deadline the court sets."  Fed. R. Crim. P. 12(c) and (e).  However, it is within the trial court's discretion to grant relief from the waiver of a defense, objection, or request upon a showing of good cause.  Fed. R. Crim. P. 12(e).

Soria asserts that he was justified in bringing his motion to sever 13 months after the motion-to-sever deadline due to his acquisition on April 9, 2012, of some 100 pages of medical information provided by the government.  The government, however, points out that in a hearing conducted on February 3, 2012, defense counsel expressed his intention to move to sever the homeowner fraud counts from the disability benefit counts.  Furthermore, it is apparent from that hearing, and a hearing conducted on January 30, 2012, that Soria and his counsel were aware of the medical conditions that are the subject of the April 9, 2012, medical information.  Morever, Soria cannot viably claim that his counsel could not have become aware or informed of Soria's own medical conditions until the eve of trial.  Indeed, in a letter to the court dated December 20, 2011, Soria requested release from detention because he suffered from various medical conditions including a pancreas and kidney transplant.  Nor does Soria even disclose why he waited 85 days from receipt of the April 9, 2012, medical records to file his motion to sever.  Under these circumstances, and in view of the prejudice flowing to the government from granting the motion, the court finds no good cause for the untimeliness of seeking severance.

**Manifest and Undue Prejudice Argument**

Rule 14(a) of the Federal Rules of Criminal Procedure allows a district court to sever multiple counts alleged against a single defendant if joinder prejudices that defendant. A defendant seeking severance must establish prejudice that is "so clear, manifest or undue that he was denied a fair trial." United States v. Throckmorton, 87 F.3d 1069, 1072 (9th Cir. 1996) (internal quotations omitted). "Rule 14 motions for severance are committed to the sound discretion of the trial court." United States v. Adams, 581 F.2d 193, 197 (9th Cir. 1978). "In ruling on a motion for severance, the trial court is vested with discretion; it must carefully weigh the possible prejudice to the accused against the often equally compelling interests of the judicial process, which include the avoidance of needlessly duplicative trials involving substantially similar proof." United States v. Jamar, 561 F.2d 1103, 1106 (4th Cir. 1977).

In seeking severance, Soria claims prejudice because his presentation of evidence on the foreclosure relief counts would be inculpatory as to the Social Security fraud counts, and vice versa. However, the Ninth Circuit has ruled that "there is no need for severance on self-incriminatory grounds until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980). Here, Soria has not shown that the evidence that he would present as to the homeowner category of charges and that related to the Social Security-related charges is sufficiently disparate to warrant severance. Furthermore, as the government points out, even if severance were granted, the government would be able to offer evidence of Soria's mortgage experience at his Social Security fraud trial, and evidence of his low energy output in the foreclosure relief trial. Finally, any prejudice that may result from joinder can be minimized with an instruction admonishing the jury to consider each count of the indictment separately. See Zafiro v. United States, 506 U.S. 534, 539-40 (1993). Accordingly, the court

finds that judicial efficiency far outweighs any minimal prejudice that may result from joinder of counts.

THE COURT HEREBY ORDERS that defendant's motion to sever counts ten and eleven (#94) is DENIED.

Dated this 13 day of July, 2012.

_____
Lloyd D. George
United States District Judge