# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> ALEX P. SORIA, <br>     Defendant. | 2: 11-cr-0156-LDG-RJJ <br><br> ORDER |

The indictment alleges in part that defendant Alex Soria "perpetrated a foreclosure relief scam in which he tricked distressed homeowners into paying him an up-front fee for mortgage modification services by telling them lies about his employment, experience, and track record." Currently before the court is the government's motion to exclude other client evidence (#63, response #66, reply #72). Judges have broad discretion when ruling on motions in limine. *See, e.g., Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th Cir. 2002), and a district court's ruling on a motion in limine is subject to change, particularly in light of developing trial considerations. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984).

The government's motion urges the court to preclude the defendant from "offering the testimony of clients not identified in the indictment who purport to be satisfied with his services." Soria responds by arguing that "the court has insufficient information at this time to make a determination about the relevance and admissibility of evidence that Mr. Soria

might introduce when the government itself has not specifically indicated what evidence it will introduce."

Here, the government need not identify the specific evidence that it expects to introduce at trial for Soria to be able to articulate the admissibility or relevance of other non-victim clients. Because Soria has not so responded, to the extent that any such other-client testimony is presented on the issue of whether Soria perpetrated a fraud upon the alleged victims, the other-client testimony shall be excluded. *See United States v. Elliott*, 62 F.3d 1304, 1308 (11th Cir. 1995) ("The fact that [defendants] avoided wrongdoing in their dealings with five customers not named in the indictment is inconsequential in determining whether both made fraudulent representations to the nineteen victims listed in the indictment."). Accordingly,

THE COURT HEREBY ORDERS that the United States' motion in limine to exclude other client evidence (#63) is GRANTED.[1]

Dated this 13 day of July, 2012.

_____
Lloyd D. George
United States District Judge

---

[1] This ruling, however, is subject to developments during trial which could invite reconsideration of the admissibility of the evidence.