# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:11-cr-00156-LDG-RJJ |
| Plaintiff, | |
| v. | **ORDER** |
| ALEX SORIA, | |
| Defendant. | |

The United States has charged defendant Alex Soria with wire fraud in violation of 18 U.S.C. § 1343, mail fraud in violation of 18 U.S.C. § 1341, concealment of information from the Social Security Administration in violation of 42 U.S.C. § 408(a)(4), and theft of government property in violation of 18 U.S.C. § 641. Presently before the court is the government's motion in limine to admit as evidence an audio recording (#88, response #101). Judges have broad discretion when ruling on motions in limine, *see, e.g., Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002), and a district court's ruling on a motion in limine is subject to change, particularly in light of developing trial considerations. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984).

The United States has filed a motion in limine to admit into evidence an audio recording regarding a conversation between defendant and Michael Foresta, a distressed homeowner and would-be business partner, under 18 U.S.C. § 2511(2)(d). The government argues that "[a]

recording of the defendant making materially false representations about the loan modification program alleged in the indictment is relevant and powerful evidence."  Defendant responds that the court should exclude this evidence because it is irrelevant under Fed. R. Evid. 401 and "its probative value is substantially outweighed" by a danger of jury confusion under Fed. R. Evid. 403.

The court is persuaded, based on the parties' arguments, that this electronic communication is relevant to the charged offenses and that its probative value is not substantially outweighed by a danger of jury confusion or other Rule 403 considerations.  The electronic communication tends to demonstrate Mr. Soria's intent to defraud distressed homeowners and perpetuate the alleged foreclosure relief scam.  *See United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) ("Intent may be inferred from misrepresentations made by the defendants, and the scheme itself may be probative circumstantial evidence of an intent to defraud") (internal citations omitted).  In light of the representations of the parties, the court will grant the motion in limine subject to reconsideration if developments during trial so warrant.  Accordingly,

THE COURT HEREBY ORDERS that the government's motion in limine to admit as evidence an audio recording (#88) is GRANTED.

Dated this 13 day of July, 2012.

_____
Lloyd D. George
United States District Judge